1

2

3

4               UNITED STATES DISTRICT COURT

5              EASTERN DISTRICT OF CALIFORNIA

6

7   CYNTHIA HOPSON,                    No. 2:14-cv-02970-GEB-AC

8             Plaintiff,

9      v.                             **ORDER TO SHOW CAUSE AND
                                      CONTINUING STATUS (PRETRIAL
10  DORNOCH, INC., as itself and      SCHEDULING) CONFERENCE; FED. R.
    dba Tracy Ford; MARIA             CIV. P. 4(M) NOTICE**
11  MUELLER, as an individual
    and dba Tracy Ford; THOMAS
12  NOKES; and DOES 1-10,
    inclusive,
13
             Defendants.
14

15

16          The December 24, 2014, Order Setting Status (Pretrial

17  Scheduling) Conference scheduled a status conference in this case

18  on February 23, 2015, and required the parties to file a joint

19  status report no later than fourteen (14) days prior to the

20  scheduling conference. The December 24, 2014 Order further

21  required a status report be filed regardless of whether a joint

22  report could be procured. No status report was filed as ordered.

23          Therefore, Plaintiff is Ordered to Show Cause ("OSC")

24  in a writing to be filed no later than February 23, 2015, why

25  sanctions should not be imposed against her and/or her counsel

26  under Rule 16(f) of the Federal Rules of Civil Procedure for

27  failure to file a timely status report. The written response

28  shall also state whether Plaintiff or her counsel is at fault,

                              1

1   and whether a hearing is requested on the OSC.[1] If a hearing is

2   requested, it will be held on May 18, 2015, at 9:00 a.m., just

3   prior to the status conference, which is rescheduled to that date

4   and time. A status report shall be filed no later than fourteen

5   (14) days prior to the status conference.

6          Further, Plaintiff is notified under Rule 4(m) of the

7   Federal Rules of Civil Procedure that failure to serve each

8   defendant within the 120 day period prescribed in that Rule may

9   result in the unserved defendant(s) and/or this action being

10  dismissed. To avoid dismissal, on or before April 24, 2015,

11  Plaintiff shall file proof of service for each defendant or a

12  sufficient explanation why service was not completed within Rule

13  4(m)'s prescribed service period.

14          IT IS SO ORDERED.

15  Dated:  February 12, 2015

16

17  _____

18  GARLAND E. BURRELL, JR.
    Senior United States District Judge

19

20

21

22

23

24

25

26  [1]    "If the fault lies with the attorney, that is where the impact of
    sanction should be lodged.  If the fault lies with the clients, that is where
    the impact of the sanction should be lodged." In re Sanction of Baker, 744

27  F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).
    Sometimes the faults of attorneys, and their consequences, are visited upon

28  clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).

2